UNITED STATES of America,
Plaintiff–Appellee,

v.

Efer Eliud CAVAZOS–SOTO,
Defendant–Appellant.

No. 06–40343.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, For Plaintiff–Appellee.

Marjorie A Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, For Defendant–Appellant.

---

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM: *

Efer Eliud Cavazos–Soto (Cavazos) appeals his guilty-plea conviction and sentence for being present in the United States following deportation in violation of 8 U.S.C. § 1326. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than as elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 ·S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Cavazos's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Cavazos contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, — U.S. —, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Cavazos properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

